# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-CV-129-W-DGK |
| ) | |
| SHERRI CRAMER, ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS ON ABSTENTION GROUNDS

This is a declaratory judgment action arising out of an insurance coverage dispute. Plaintiff Allstate Indemnity Company ("Allstate") issued a homeowners policy to Defendant Sherri Cramer ("Cramer"). After Allstate denied a claim by Cramer, Allstate sued for a declaratory judgment.

Now before the Court is Cramer's motion to dismiss on abstention grounds (Doc. 5). Finding that the factors explicated by *Scottsdale Insurance Company v. Detco Industry, Inc.* weigh against abstention and seeing no other reason why the Court should abstain from hearing this case, the Court DENIES the motion.

**Standard**

In a "factual" attack on subject-matter jurisdiction, the movant challenges jurisdiction on the basis of matters extrinsic to the pleadings. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In such a challenge, the court may rule based on information contained outside the pleadings. *Id.*

Cramer argues that even if the Complaint's allegations are true, the Court should divest itself of subject-matter jurisdiction to hear this case because of prudential concerns laid out in her

briefing. Cramer's motion to dismiss is thus a factual attack and the Court may consider matters extrinsic to the Complaint in resolving the motion. *See id.*

## Background

Allstate issued a homeowners policy to Cramer. During the policy period a fire damaged Cramer's home, for which Cramer submitted a claim to Allstate. Allstate denied the claim but refused to provide its reason for doing so unless Cramer executed a release of all claims that might arise from the release of that information. Cramer threatened to sue Allstate within thirty days if it did not unconditionally give its reason for denial, but Allstate insisted that Cramer had to sign the release. Cramer then sent Allstate a second demand letter reiterating her threat of litigation. Three days later, Allstate beat Cramer to the punch and filed the instant lawsuit under the Declaratory Judgment Act to establish that the homeowners policy does not cover Cramer's claim (Doc. 1). *See* 28 U.S.C. § 2201(a).

## Discussion

Cramer now moves to dismiss on abstention grounds (Doc. 5). Cramer argues that the Court should abstain from hearing this case because by allowing Allstate to proceed as the plaintiff, the Court "would subvert the natural plaintiff[']s ability to shape its own claims" and ignore how Allstate has "circumvent[ed] proper Missouri insurance claim practices and race[d] to the courthouse for a tactical advantage in resolving the dispute surrounding the Policy" (Doc. 5-1, at 1).

As a general rule, federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, the Declaratory Judgment Act states that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any

interested party seeking such declaration." *Id.* (emphasis added). This permissive language confers upon federal courts a "unique and substantial discretion" whether to hear a declaratory judgment count. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Where there are no parallel proceedings pending in state court, as here, a federal court exercises this discretion to abstain under a six-factor test first articulated in *Scottsdale Insurance Company v. Detco Industry, Inc.*, 426 F.3d 994, 998 (8th Cir. 2005). This test considers:

(1) Whether a declaratory judgment will be useful in clarifying and settling legal relations;

(2) Whether a declaratory judgment will remove the uncertainty, insecurity and controversy that forms the basis for the federal proceeding;

(3) The strength of the state interest in having the issues raised in the federal proceeding decided by the state courts;

(4) Whether the state court can more efficiently resolve the issues raised in the federal action;

(5) If abstention is declined, whether the federal and state court systems will unnecessarily entangle due to overlapping issues of fact or law; and

(6) Whether the declaratory judgment action is merely a means for "procedural fencing."

*Id.*

Applying these factors to the present case, the Court finds as follows. The first two factors concern the ability of a declaratory judgment to clarify the parties' rights and obligations and eliminate the underlying controversy. A declaratory judgment here would conclusively settle Allstate's coverage obligations to Cramer with regard to her insurance claim. On the other hand, abstention would leave the legal relations between Allstate and Cramer unsettled until Cramer unilaterally sees fit to bring suit, during which time Allstate would have to maintain a certain amount of reserves in case it has to indemnify Cramer. Although Cramer believes that

this declaratory judgment action does not address her actions for breach of contract or improper claims practice, she may involve those actions through counterclaims. The first two factors weigh against abstention.

The third, fourth, and fifth factors measure the state's interest in, and relative ability to resolve, the underlying controversy in its own court system. Significantly, this case does not relate to any pending or imminent state proceeding. Nor should Missouri have any particular interest in resolving this unexceptional dispute over insurance policy construction. No party has raised, and the Court does not foresee, special or unique issues of Missouri statutory or common law insurance principles. Cramer's worry that she may have to join a local Missouri insurance agent and thereby destroy diversity of citizenship is premature if not speculative, and in any event unrelated to Missouri state interests. Accordingly, the third, fourth, and fifth factors weigh against abstention.

The sixth factor asks whether the federal plaintiff is bringing a declaratory judgment action merely for the purpose of "procedural fencing." "Procedural fencing" refers to the use of the federal court "to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable." *Scottsdale*, 426 F.3d at 998 (alterations and internal quotation marks removed). In this case there is no other, competing forum that stands to render a decision unfavorable to Allstate thereby incentivizing Allstate to forum-shop. And even if Cramer had filed first in state court, Allstate would very likely still have been able to remove to this Court. The Court thus finds there is no procedural fencing here. Rather, a declaratory judgment action is the *only* means by which Allstate itself can determine its indemnification obligations to Cramer. Although Cramer repeatedly refers to herself as the "natural plaintiff" (*e.g.* Doc. 9, at 4), Cramer was free to file this lawsuit at any time before Allstate did. The sixth

4

factor weighs against abstention.

Because the *Scottsdale* factors all weigh overwhelmingly against abstention, the Court holds it should not abstain from hearing this declaratory judgment action.

## Conclusion

For the foregoing reasons, the Court DENIES Cramer's motion to dismiss on abstention grounds (Doc. 5).

**IT IS SO ORDERED.**

Dated:  May 27, 2014                                       /s/ Greg Kays
                                                          GREG KAYS, CHIEF JUDGE
                                                          UNITED STATES DISTRICT COURT